PER CURIAM.
The Juvenile Court Rules Committee of The Florida Bar petitions this Court to amend the Florida Rules of Juvenile Procedure pursuant to the four-year reporting cycle. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The Committee proposes amendments to thirty-five of the rules. All of the proposed changes were unanimously approved by the Board of Governors. The Florida Bar News *757 published the proposed changes to the rules on April 15, 1996, and this Court invited comments thereafter. No responses were submitted. By supplemental petition filed August 15, 1996, the Committee submitted a substitute proposal for amendments to rule 8.095 to conform to statutory changes made by the 1996 legislature effective October 1, 1996. This substitute proposal was published in The Florida Bar News on September 1, 1996, with comments invited. No responses were submitted.
We adopt the Committee’s proposed amendments. The text of the amended portions of the rules is appended to this opinion. Deletions are indicated by the use of struck-through type; new language is indicated by underscoring. The changes to rule 8.095 shall be effective immediately. The remaining amended rules shall become effective January 1,1997.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 8.013. DETENTION PETITION AND ORDER
(a) Time Limitation. No child taken into custody shall be detained, as a result of the incident for which taken into custody, longer than as provided by law unless a detention order so directing is made by the court following a detention hearing.
(b) Petition. The detention petition shall:
(1) be in writing and be filed with the court;
(2) state the name and address of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(3) state the age and sex of the child or, if the age is unknown, that the child is believed to be of an age which will make him or her subject to the procedures covered by these rules;
(4) state the reasons why the child is in custody and needs to be detained;
(5) recommend the place where the child is to be detained or the agency to be responsible for the detention; and
(6) be signed by an authorized agent of the Department of Health and Rehabilitative ServicesJuvenile Justice or by the state attorney or assistant state attorney.
(c)Order. The detention order shall:
(1) be in writing;
(2) state the name and address of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(3) state the age and sex of the child or, if the age is unknown, that the child is believed to be of an age which will make him or her subject to the procedures covered by these rules;
(4) order that the child shall be held in detention and state the reasons therefor;
(5) make a finding that probable cause exists that the child is delinquent or that such a finding cannot be made at this time and that the case is continued for such a determination to a time certain within 72 hours from the time the child is taken into custody unless this time is extended by the court for good cause shown for not longer than an additional 24 hours;
(6) designate the place where the child is to be detained or the person or agency that will be responsible for the detention along with any special conditions found to be necessary;
(7) state the date and time when issued and the county and court where issued, together with the date and time the child was taken into custody; and
(8) be signed by the court with the title of office.
RULE 8.035. PETITIONS FOR DELINQUENCY
(a) Contents of Petition.
(1) Each petition shall be entitled a petition for delinquency and shall allege facts showing the child to have committed a delinquent act.
*758 (2) The petition shall contain allegations as to the identity and residence of the parents or custodians, if known.
(8) In petitions alleging delinquency, each count shall recite the official or customary citations of the statute, ordinance, rule, regulation, or other, provision of the law which the child is alleged to have violated, including the degree of each offense.
(4) Two or more allegations of the commission of delinquent acts may appear in the same petition, in separate counts.
(5) Two or more children may be the subject of the same petition if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. The children may be named in 1 or more counts together or separately and all of them need not be named in each count.
(b) Verification. The petition shall be signed by the state attorney or assistant state attorney, stating under oath the petitioner’s good faith in filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(c) Amendments. At any time prior to the adjudicatory hearing an amended petition may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of mis-joinder of offenses or for any cause whatsoever. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child and prejudice the child in the preparation of a defense, the petitioner may be required to furnish a statement of particulars.
(e)Prompt Filing. — On motion- by or in behalf of a child a petition-alleging delinquency shall be dismissed-with prejudice if it was not-filed within the time provided by law. ■However, the court-may-grant an extension of time as provided-by law.
RULE 8.075. PLEAS
No written answer to the petition nor any other pleading need be filed.
(a) Acceptance of Plea. In delinquency cases the child may plead guilty, nolo conten-dere, or not guilty. The court may refuse to accept a plea of guilty or nolo contendere, and shall not accept either plea without first determining that the plea is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such plea and that there is a factual basis for such plea.
(b) Plan of Proposed Treatment, Training, or Conduct. After the filing of a petition and prior to the adjudicatory hearing, a plan of proposed treatment, training, or conduct may be submitted on behalf of the child in lieu of a plea. The appropriate agencies of the Department of Health and Rehabilitative ServicesJuvenile Justice or other agency as designated by the court shall be the supervising agencies for said plan and the terms and conditions of all such plans shall be formulated in conjunction with the supervising agency involved. The submission of a plan is not an admission of the allegations of the petition of delinquency.
If such a plan is submitted the procedure shall be as follows:
(1) The plan must be in writing, agreed to and signed in all cases by the state attorney, the child, and, when represented, by the child’s counsel, and, unless excused by the court, by the parents or custodian. An authorized agent of the supervising agency involved shall indicate whether the agency recommends the acceptance of the plan.
(2) The plan shall contain a stipulation that the speedy trial rule is waived and shall include the state attorney’s consent to defer the prosecution of the petition.
(8) After hearing, which may be waived by stipulation of the parties and the super *759 vising agency, the court may accept the plan and order compliance therewith, or may reject it. If the plan is rejected by the court, the court shall state on the record the reasons for rejection.
(4) Violations of the conditions of the plan shall be presented to the court by motion by the supervising agency or by any party. If the court, after hearing, finds a violation has occurred, it may take such action as is appropriate to enforce the plan, modify the plan by supplemental agreement, or set the case for hearing on the original petition.
(5) The plan shall be effective for an indeterminate period, for such period as is stated therein, or until the petition is dismissed.
(6) Unless otherwise dismissed, the petition may be dismissed on the motion of the person submitting the plan or the supervising agency, after notice of hearing and a finding of substantial compliance with the provisions and intent of the plan.
(c) Written Answer. A written answer admitting or denying the allegations of the petition may be filed by the child joined by a parent, custodian, or the child’s counsel. If the answer admits the allegations of the petition it must acknowledge that the child has been advised of the right to counsel, the right to remain silent, and the possible dispositions available to the court and shall include a consent to a predispositional study. Upon the filing of such an answer a hearing for adjudication or adjudication and disposition shall be set at the earliest practicable time.
(d) Entry of Plea by Court. If a child stands mute or pleads evasively, a plea of not guilty shall be entered by the court.
(e) Withdrawal of Plea. The court may for good cause shown at any time prior to the beginning of a disposition hearing permit a plea of guilty to be withdrawn, and if a finding that the child committed a delinquent act has been entered thereon, set aside such finding and allow another plea to be substituted for the plea of guilty. In the subsequent adjudicatory hearing the court shall not consider the plea which was withdrawn as an admission.
RULE 8.085. PREHEARING MOTIONS AND SERVICE
(a) Prehearing Motions.
(1) Motions in General. Every motion made before a hearing and any pleading in response to the motion shall be in writing and shall be signed by the party making the motion and the party’s attorney. This requirement may be waived by the court for good cause shown.
(2) Motion to Dismiss. All defenses not raised by a plea of not guilty or denial of the allegations of the petition shall be made by a motion to dismiss the petition. If a motion to dismiss is granted, the child who is detained under an order entered under rule 8.013 may be continued in detention under the said order upon the representation that a new or amended petition will be filed.
(3) Motion to Suppress. Any confession or admission obtained illegally or any evidence obtained by an unlawful search and seizure may be suppressed on motion by the child.
(A) Every motion to suppress shall clearly state the particular evidence sought to be suppressed, the reason for the suppression, and a general statement of the facts on which the motion is based.
(B) Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the moving party shall present evidence in support thereof and the state may offer rebuttal evidence.
(4) Motion to Sever. A motion may be made for the severance of 2 or more counts in a multi-count petition, or for the severance of the cases of 2 or more children to be adjudicated in the same hearing. The court may grant motions for severance of counts and severance of jointly brought eases for good cause shown.
(5) Time for Filing. Any motion to suppress, sever, or dismiss shall be made prior to the date of the adjudicatory hearing unless an opportunity to make such motion previously did not exist or the par *760 ty making the motion was not aware of the grounds for the motion.
(6) Sworn Motions to Dismiss. Before the adjudicatory hearing the court may entertain a motion to dismiss on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie ease of guilt against the child. The facts on which such motion is based shall be specifically alleged and the motion sworn to by the child. The motion shall be filed a reasonable time before the date of the adjudicatory hearing. The state may traverse or demur to this motion. Factual matters alleged in it shall be deemed admitted unless specifically denied by the state in a traverse. The court, in its discretion, may receive evidence on any issue of fact necessary to decide the motion. The motion shall be dismissed if the state files a written traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss. Any demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(b) Service of Pleadings and Papers.
(1) When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy or by mailing it to the attorney or party’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(A) handing it to the attorney or the party;
(B) leaving it at the attorney’s office, with the person in charge thereof;
(C) if there is no one in charge of the office, leaving it in a conspicuous place therein; or
(D) if the office is closed or the person to serve has no office, leaving it at his or her usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service' or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the court may permit the papers to be filed with the court in which event the filing date shall be noted thereon and the papers shall be transmitted to the office of the clerk.
(5) Certificate of Service. When any authorized person shall in substance certify:
“I do certify that copy (copies) hereof have been furnished to (here insert name or names) by (delivery) (mail) this .... day of .,19....
Title”
the certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.
(6)People Who May Certify Service. Service of pleadings and orders required to be served as provided by subdivision (2) may be certified by an attorney of record, clerk or deputy clerk, court, or authorized agent of the Department of Health and Rehabilitative ServicesJuvenile Justice in the form provided in subdivision (5).
(c) Time for Service of Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof *761 shall be served a reasonable time before the time specified for the hearing.
(d) Additional Time after Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings -within a prescribed period after the service of notice or other paper and the notice or paper is served by mail, 5 days shall be added to the prescribed period.
(e) Pleading to be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in the attorney’s individual name by such attorney, whose address and telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit.
(f) Pleading to be Signed by Unrepresented Party. A party who has no attorney but represents himself or herself shall sign the written pleading or other paper to be filed and state his or her address and telephone number, including area code.
(g) Effect of Signing Pleading. The signature of a person shall constitute a certificate that the paper or pleading has been read; that to the best of the person’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
Committee Notes
1991 Amendment, (a)(6) This creates a procedure for dismissal similar to Florida Rule of Criminal Procedure 3.190(c)(4). .
1992 Amendments, (d) Rules 8.240(c)(2) and 8.630(e)(2) allow 5 days for service by mail. This change conforms this rule.
(f) The current rule implies that a written pleading must be filed. No written pleadings are required.
(e) and (g) The language from (e) was moved to create this new subdivision. The current rule applies only to attorneys. These requirements also should apply to non-attorneys who sign and file papers. This rule conforms with proposed revisions to rules 8.230 and 8.640.
RULE 8.095. PROCEDURE WHEN CHILD BELIEVED TO BE INCOMPETENT OR INSANE
(a) Incompetency At Time of Adjudicatory Hearing or Hearing on Petition Alleging Violation of Community Control in Delinquency Cases.
(1) Motion.
(A) A written motion for examination of the child made by counsel for the child shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the child is incompetent to proceed. To the extent that it does not invade the lawyer-client privilege, the motion shall contain a recital of the specific observations of and conversations with the child that have formed the basis for the motion.
(B) A written motion for examination of the child made by counsel for the state shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe the child is incompetent to proceed and shall include a recital of the specific facts that have formed the basis for the motion, including a recitation of the observations of and statements of the child that have caused the state to file the motion.
(2) Setting Hearing. If at any time prior to or during the adjudicatory hearing or hearing on a violation of community control the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court on its own motion or motion of counsel for the child or the state shall immediately stay the proceedings and fix a time for a hearing for *762 the determination of the child’s mental condition.
(3) Child Found Competent to Proceed. If at the hearing provided for in subdivision (a)(2) the child is found to be competent to proceed with an adjudicatory hearing, the court shall enter an order so finding and proceed accordingly.
(4) Child Found Incompetent to Proceed. If at the hearing provided for in subdivision (a)(2) the child is found to be incompetent to proceed with the adjudicatory-hearing, proceedings — shah—be commenced for-the-involuntary-hospitalization of the child-as-provided by-law., the child must be adjudicated incompetent to proceed and may be involuntarily committed to the Department of Health and Rehabilitative Services for treatment upon a finding of clear and convincing evidence that:
(A) If the child-is-not-hospitalized because the child does nob-meet the criteria for involuntary hospitalization, the court shall order any appropriate non-delinquent treatment for the child in order to- restore the child’s competence to proceed-with ■ an adjudicatory hearing-in ordering--treatment,-the court also shall order — the treatment- provider to furnish the court- and aH — parties with regular reports on the child’s status, at times determined by the.court. The child is mentally ill or mentally retarded and because of the mental illness or retardation of the chüd;
(i) the child is manifestly incapable of surviving with the help of willing and responsible family or friends, including available alternative services, and without treatment the child is likely to either suffer from neglect or refuse to care for himself or herself, and such neglect or refusal poses a real and present threat of substantial harm to the child’s well-being; or
(ii) there is a substantial likelihood that in the near future the child will inflict serious bodily harm on himself or herself or others, as evidenced by recent behavior causing, attempting, or threatening such harm; and
(B) All available less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient settings which would offer an opportunity for improvement of the child’s condition are inappropriate.
(B5) If at any time during the child’s hospitalizatien-or-outpatient-fereatment the service provider- believes the-child to be competent, a report-shall be submitted-to the-courtHearing on Competency. Not later than 6 months after the date of commitment, or at the end of any period of extended treatment or training, or at any time the service provider determines the child has attained competency or no longer meets the criteria for commitment, the service provider must file a report with the court and all parties. Upon receipt of this report, the court shall set a hearing for the determination of to determine the child’s competency.
(iA) If the court determines that the child continues to remain incompetent, the court shall order appropriate nondel-inquent hospitalization or treatment in conformity with this rule and the applicable provisions of chapter 39, Florida Statutes.
(ÜB) If the court determines the child to be competent, it shall enter an order so finding and proceed accordingly.
(6) Commitment. Each child who has been adjudicated incompetent to proceed and who meets the criteria for commitment in subdivision (a)(4) must be committed to the Department of Health and Rehabilitative Services. The department may retain, and if it does retain must treat, the child in the least restrictive alternative consistent with public safety. Any commitment of a child to a residential program must be to a program separate from an adult forensic program. If the child attains competency, case management and supervision of the child will be transferred to the Department of Juvenile Justice to continue delinquency proceedings. The court retains authority, however, to order the Department of Health and Rehabilitative Services to provide continued treatment to maintain competency.
*763 (A) A child adjudicated incompetent because of mental retardation may be ordered into a program designated by the Department of Health and Rehabilitative Services for retarded children.
(B) A child adjudicated incompetent because of mental illness may be ordered in to program designated by the Department of Health and Rehabilitative Services for mentally ill children.
(7) Continuing Jurisdiction and Dismissal of Jurisdiction.
(A) If a child is determined to be incompetent to proceed, the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency, with reviews at least every 6 months to determine competency. If the court determines at any time that the child will never become competent to proceed, the court may dismiss the delinquency petition or petition alleging violation of community control.
(B) If, at the end of the 2-year period following the date of the order of incompetency, the child has not attained competency and there is no evidence that the child will attain competency within a year, the court must dismiss the delinquency petition.
(C) If necessary, the court may order that proceedings under chapter 393 or 394, Florida Statutes, be instituted. Such proceedings must be instituted no less than 60 days before the dismissal of the delinquency petition. The juvenile court may conduct all proceedings and make all determinations under chapter 393 or 394, Florida Statutes.
(8) Treatment Alternatives to Commitment. If a child who is found to be incompetent does not meet the commitment criteria of subdivision (a)(4), the court may order the Department of Health and Rehabilitative Services to provide appropriate treatment and training in the community. All court-ordered treatment must be in the least restrictive setting consistent with public safety. Any residential program must be separate from an adult forensic program. If a child is ordered to receive such services, the services shall be provided by the Department of Health and Rehabilitative Services. The Department of Juvenile Justice shall continue to provide case management services to the child and receive notice of the competency status of the child. The competency determination must be reviewed at least every 6 months by the service provider, and a copy of a written report evaluating the child’s competency must be filed by the provider with the court, the Department of Health and Rehabilitative Services, the Department of Juvenile Justice, the state, and counsel for the child.
(59) Speedy Trial Tolled. Upon the filing of a motion by the child’s counsel alleging the child to be incompetent to proceed or upon an order of the court finding a child incompetent to proceed, speedy trial shall be tolled until a subsequent finding of the court that the child is competent to proceed. Proceedings under this subdivision initiated by the court on its own motion or the state’s motion may toll the speedy trial period pursuant to rule 8.090(e).
(6) Dismissal of Petition, - At any time after two years after determining a child to being incompetent to proceed if the court after -hearing determines that there is-no substantial probability that-the child — will become-competent for the purpose of-an adjudicatory hearing in the foreseeable-future-and that no -progress- is being made toward that goal,-it may enter an order dismissing the ■ petition ^without prejudice for the state to refile the -p etition-within 1 year of-the date-of the order dismissing-it.
(b) Insanity At Time of Delinquent Act or Violation of Community Control.
(1) If the child named in the petition intends to plead insanity as a defense, he or shethe child shall advise the court in writing not less than 10 days before the adjudicatory hearing and shall provide the court with a statement of particulars showing as nearly as he or she-canpossible the nature of the insanity expected to be proved and the names and addresses of witnesses expected to prove it. Upon the filing of this statement, on motion of the state, or on its own motion, the court may *764 cause the child to be examined in accordance with the procedures in this rule.
(2)The court, upon good cause shown and in its discretion, may waive these requirements and permit the introduction of the defense, or may continue the hearing for the purpose of an examination in accordance with the procedures in this rule. A continuance granted for this purpose will toll the speedy trial rule and the limitation on detention pending adjudication.
(c) Appointment of Expert Witnesses; Detention of Child for Examination.
(1) When a question has been raised concerning the sanity or competency of the child named in the petition and the court has set the matter for an adjudicatory hearing, hearing on violation of community control, or a hearing to determine the mental condition of the child, the court may on its own motion, and shall on motion of the state or the child, appoint no more than 3, nor fewer than 2, disinterested qualified experts to examine the child as to competency or sanity of the child at the time of the commission of the alleged delinquent act or violation of community control. Attorneys for the state and the child may be present at the examination. An examination regarding sanity should take place at the same time as the examination into the competence of the child to proceed, if the issue of competency has been raised. Other competent evidence may be introduced at the hearing. The appointment of experts by the court shall not preclude the state or the child from calling other expert witnesses to testify at the adjudicatory hearing, hearing on violation of community control, or at the hearing to determine the mental condition of the child.
(2) The court only as provided by general law may order the child held in detention pending examination. This rule shall in no way be construed to add any detention powers not provided by statute or case law.
(3) When counsel for a child adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the child may be incompetent to proceed or may have been insane at the time of the alleged delinquent act or community control violation, counsel may so inform the court. The court shall appoint 1 expert to examine the child to assist in the preparation of the defense. The expert shall report only to counsel for the child, and all matters related to the expert shall be deemed to fall under the lawyer-client privilege.
(4)For competency evaluations related to mental retardation, the court shall order the Developmental Services Program Office of the Department of Health and Rehabilitative Services to examine the child to determine if the child meets the definition of retardation in section 393.063, Florida Statutes, and, if so, whether the child is amenable to treatment through the Department of Health and Rehabilitative Services retardation services or programs.
(d) Competence to Proceed; Scope of Examination and Report.
(1) Examination by Experts. On appointment by the court, the experts shall examine the child with respect to the issue of competence to proceed as specified by the court in its order appointing the experts.
(A) The experts first shall consider factors related to whether the child meets the criteria for competence to proceed; that is, whether the child has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the child has a rational and factual understanding of the present proceedings.
(B) In considering the competence of the child to proceed, the examining experts shall consider and include in their reports the child’s capacity to:
(i) appreciate the charges or allegations against the child;
(ii) appreciate the range and nature of possible penalties that may be imposed in the proceedings against the child, if applicable;
(in) understand the adversary nature of the legal process;
*765 (iv) disclose to counsel facts pertinent to the proceedings at issue;
(v) display appropriate courtroom behavior; and
(vi) testify relevantly.
The experts also may consider any other factors they deem to be relevant.
(2) Treatment Recommendations. If the experts find that the child is incompetent to proceed, they shall report on any recommended treatment for the child to attain competence to proceed. In considering issues related to treatment, the experts shall report on the following:
(A) The mental illness, mental retardation, or mental age causing incompetence.
(B) The treatment or education appropriate for the mental illness or mental retardation of the child and an explanation of each of the possible treatment or education alternatives, in order of recommendation.
(C) The availability of acceptable treatment or education. If treatment or education is available in the community, the experts shall so state in the report.
(D) The likelihood of the child attaining competence under the treatment or education recommended, an assessment of the probable duration of the treatment required to restore competence, and the probability that the child will attain competence to proceed in the foreseeable future.
(E) Whether the child meets the criteria for involuntary hospitalization or involuntary admission to residential services under chapter 39, Florida Statutes.
(3) Insanity. If a notice of intent to rely on an insanity defense has been filed before an adjudicatory hearing or a hearing on an alleged violation of community control, when ordered by the court the experts shall report on the issue of the child’s sanity at the time of the delinquent act or violation of community control.
(4) Written Findings of Experts. Any written report submitted by the experts shall:
(A) identify the specific matters referred for evaluation;
(B) describe the procedures, techniques, and tests used in the examination and the purposes of each;
(C) state the expert’s clinical observations, findings, and opinions on each issue referred for evaluation by the court and indicate specifically those issues, if any, on which the expert could not give an opinion; and
(D) identify the sources of information used by the expert and present the factual basis for the expert’s clinical findings and opinions.
(5)Limited Use of Competency Evidence.
(A) The information contained in any motion by the child for determination of competency to proceed or in any report filed under this rule as it relates solely to the issues of competency to proceed and commitment, and any information elicited during a hearing on competency to proceed or commitment held under this rule, shall be used only in determining the mental competency to proceed, the commitment of the child, or other treatment of the child.
(B) The child waives this provision by using the report, or any parts of it, in any proceeding for any other purpose. If so waived, the disclosure or use of the report, or any portion of it, shall be governed by the applicable rules of evidence and juvenile procedure. If a part of a report is used by the child, the state may request the production of any other portion that, in fairness, ought to be considered.
(e) Procedures after Judgment of Not Guilty by Reason of Insanity.
(1) When the child is found not guilty of the delinquent act or violation of community control because of insanity, the court shall enter such a finding and judgment.
(2) After finding the child not guilty by reason of insanity, the court shall conduct a hearing to determine if the child presently meets the statutory criteria for involun *766 tary commitment to a residential psychiatric facility.
(A) If the court determines that the required criteria have been met, the child shall be committed by the juvenile court to the ¿Department of Health and Rehabilitative Services for immediate placement in a residential psychiatric facility.
(B) If the court determines that such commitment criteria have not been established, the court, after hearing, shall order that the child receive recommended and appropriate treatment at an outpatient facility or service.
(C) If the court determines that treatment is not needed, it shall discharge the child.
(D) Commitment to a residential psychiatric facility of a child adjudged not guilty by reason of insanity shall be governed by the provisions of chapters 39 or 394, Florida Statutes, except that requests for discharge or continued involuntary hospitalization of the child shall be directed to the court that committed the child.
(E) If a child is not committed to a residential psychiatric facility and has been ordered to receive appropriate treatment at an outpatient facility or service and it appears during the course of the ordered treatment
(i) that treatment is not being provided or that the child now meets the criteria for hospitalization, the court shall conduct a hearing pursuant to subdivision (e)(2) of this rule.
(ii) that the child no longer requires treatment at an outpatient facility or service, the court shall enter an order discharging the child.
(F) During the time the child is receiving treatment, either by hospitalization or through an outpatient facility or service, any party may request the court to conduct a hearing to determine the nature, quality, and need for continued treatment. The hearing shall be conducted in conformity with subdivision (e)(2) of this rule.
(G)No later than 30 days before reaching age 19, a child still under supervision of the court under this rule shall be afforded a hearing. At the hearing, a determination shall be made as to the need for continued hospitalization or treatment. If the court determines that continued care is appropriate, proceedings shall be initiated under chapter 394, Florida Statutes. If the court determines further care to be unnecessary, the court shall discharge the child.
RULE 8.105. WAIVER OF JURISDICTION
(a) On Demand. On demand for waiver of jurisdiction, the court shall enter a written order setting forth the demand, waiving jurisdiction, and certifying the ease for trial as if the child were an adult. The demand shall be made in the form provided by law prior to the commencement of an adjudicatory hearing. A certified copy of the order shall be furnished to the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting officer of the said child within 5 days of the demand being made. The court may order that the child be delivered to the sheriff of the county in which the court that is to try the child is located.
(b) Involuntary Waiver; Hearing.
(1) As provided by law, the state attorney may or, if required, shall, file a motion requesting the court to waive its jurisdiction and certify the case to the appropriate court for trial as if the child were an adult.
(2) Following the filing of the motion of the state attorney, summons shall be issued and served in conformity with the provision of rule 8.040. A copy of the motion and a copy of the delinquency petition, if not already served, shall be attached to each summons.
(3) No plea to a petition shall be accepted by the court prior to the disposition of the motion to waive jurisdiction.
(4) After the filing of the report required by law, the court shall conduct a hearing on the motion to determine the existence of the criteria established by law for waiver of jurisdiction.'
*767 (5) After hearing as provided in this rule:
(A) The court may enter an order waiving jurisdiction and certifying the case for trial as if the child were an adult as provided by law. The order shall set forth the basis for waiver of jurisdiction and certification to the appropriate court, with copies provided to all parties and the department. A certified copy of the order shall be furnished to the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting officer of the said court within 5 days of the date of the order. The child shall be delivered immediately to the sheriff of the county in which the court that is to try the child as an adult is located.
(B) The court may enter an order denying waiver of jurisdiction, and give reasons for this denial, as provided by
law. If the waiver is denied, the same judge, with the consent of the child and the state, may proceed immediately with the adjudicatory hearing.
(e) Bail. If the child is delivered to the sheriff under subdivision (a) or (b) the court shall fix bail. A certified copy of the order shall be furnished to the sheriff.
RULE 8.115. DISPOSITION HEARING
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the dispositional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law, and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure. The child, the child’s attorney, and the child’s parent or custodian shall be entitled to disclosure of all information in the predisposition report.
(c) Fingerprints. The child’s fingerprints shall be affixed to the order of disposition.
(d) Procedure for Placement as Serious or Habitual Offender.
(1) If the state elects to proceed under this subdivision, it shall file a petition to seek serious or habitual juvenile offender placement as provided by law.
(2) The petition shall be in writing and shall state the reasons why the child should be placed as a serious or habitual juvenile offender. A copy of the petition shall be served upon the child, the child’s attorney, and a representative of the Department of Health and Rehabilitative Ser-vieesJuvenile Justice.
(3) The child shall not be placed as a serious or habitual juvenile offender unless the child is adjudicated delinquent, is committed to the department, and meets the criteria as prescribed by law. The court shall not make a determination of the child’s placement as a serious or habitual juvenile offender without allowing reasonable time for preparation of a response on behalf of the child.
Committee Notes
1991_Amendment, (c) Section 39.032(3)(e)5 39.052(3)(e)5, Florida Statutes, requires the court to fingerprint any child who is adjudicated or has adjudication withheld for a felony. This rule extends this requirement to all dispositions. Sentencing guidelines include scorable points for misdemeanor offenses as well as for felonies. This procedure also should assist in identifying juveniles who use false names and birthdates, which can result in the arrest of an innocent child whose name was used by the offender.
(d) Section 39.09(5) 39.058, Florida Statutes, creates procedures to have a child placed in a serious or habitual juvenile offender program. This section allows for filing of a petition, service, and a reasonable time for preparation of a response on behalf of the child.
RULE 8.120. POST-DISPOSITION HEARING
(a) Revocation of Community Control Programs.
*768 (1) A child who has been placed in-aon community control program may be brought before the court by- the agent supervising the-child’s community-control or by the state — attorney—on a petition alleging the-violation of the programupon allegations of violation(s).
(2) Any proceeding alleging a violation shall be initiated by the filing of a sworn affidavit of the material facts supporting the allegations(s). The affidavit shall be executed by the child’s community control counselor or other person having actual knowledge of the facts. Copies of the affidavit shall be provided to the court, the state attorney, and the Department of Juvenile Justice.
(3) When revocation proceedings are sought by the state attorney or the Department of Juvenile Justice, the proceedings shall be initiated by the filing of a petition alleging violation of community control. The petition shall incorporate and reference the affidavit described in subdivision (a)(2). All such petitions must be signed and filed by legal counsel.
(4) The court may initiate revocation proceedings by the entry of an order initiating revocation proceedings. The order must incorporate and reference the affidavit described in subdivision (a)(2).
(5) All interested persons, including the child, shall have an opportunity to be heard. After such hearing, the court shall enter an order revoking, modifying, terminating, or continuing the community control program. Upon the revocation of the programcommunity control, the court shall, when the child has been placed hi aon community control program and adjudication has been withheld, adjudicate the child delinquent. In all cases after a revocation of the programcommunity control, the court shall enter a new disposition order.
(b)Retention of Authority over Discharge. When the court has retained authority over discharge of a delinquent child from placement or commitment as provided by law, prior to any discharge from placement or commitment, the Department of ■Health and Rehabilitative ServicesJuvenile Justice shall notify the court, the state attorney, the victim of the offense or offenses for which the child was placed under supervision of the department, and the child of its intention to discharge the child. Thereafter, any interested party may request a hearing, within the time prescribed by law, to address the discharge.
RULE 8.215. GUARDIAN AD LITEM
(a) Request. At any stage of the proceedings, any party may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent.
(b) Appointment. The court shall appoint a guardian ad litem to represent the child in any proceeding as required by law and shall ascertain at each stage of the proceeding whether a guardian ad litem has been appointed.
(c) Duties and Responsibilities. The guardian ad litem shall be an attorney or other responsible adult and shall have the following responsibilities:
(1) To investigate the allegations of the petition and any subsequent matters arising in the case and, unless excused by the court, to file a written report. This report shall include a statement of the wishes of the child and the recommendations of the guardian ad litem and shall be provided to all parties and the court at least 48 hours prior to the hearing for which the report is prepared.
(2) To be present at all court hearings unless excused by the court.
(3) To represent the interests of the child until the jurisdiction of the court over the child terminates, or until excused by the court.
(4) To perform such other duties and undertake such other responsibilities as the court may direct.
(d) Bond. A guardian ad litem shall not be required to post bond but shall file an acceptance of the office.
(e) Service. A guardian ad litem shall be entitled to receive service of pleadings and papers as provided by rule 8.225.
*769 (f) Practice of Law by Lay Guardians. The duties of lay guardians shall not include the practice of law.
(g) Substitution or Discharge. The court, on its own motion or that of any party, including the child, may substitute or discharge the guardian ad litem for reasonable cause.
Committee Notes
1991 Amendment, (c)(1) This section allows a report to be submitted before any hearing, not only the disposition hearing.
RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a dependency or termination-of par-ental-oághts petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified, — Except in cases of medical emergency, the time of hearing shall not be less than 24 hours after service of the summons. If the child is not detained-by an order of the -court; the summons shah require the custodian to produce the child at the said time- and place. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party or the petitioner, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or and other tangible objects at any hearing. Subpoenas may be served within the state by any person over 18 years of age who is not a party to the proceeding. In dependency proceedings, subpoenas also may be served by authorized agents of the department. This subdivision shall not-in anyway limit the-state attorney’s power to issue subpoenas,
(3) Service of Summons and Other Process to Persons Residing in the State. The summons and other process shall be served-upon such persons and in such manner as-required by4aw, — If-the parents or-custodian are out of the-state and their address- is known-the clerk shall give them notice of the proceedings by mart — Service of process may be -waived. served upon all parties other than the petitioner.
(A) Service by publication shall not be required for dependency hearings.
(B) The failure to serve a party or give notice to a participant in a dependency hearing shall not affect the validity of an order of adjudication or disposition if the court finds that the petitioner has completed a diligent search.
(C) Personal appearance of any person in a dependency hearing before the court eliminates the requirement for serving process upon that person.
(4)Service of Summons and Other Process to Persons Residing Outside of the State in Dependency Proceedings.
(A) Service of the summons and other process on parents, parties, participants, petitioners, or persons outside this state shall be given in a manner reasonably calculated to give actual notice, and may be made:
(i) by personal delivery outside this state in a manner prescribed for service of process within this state;
(u) in a manner prescribed by the law of the place in which service is made for service of process in that place in an action in any of its courts of general jurisdiction;
(iii) by any form of mail addressed to the person to be served and requesting a receipt; or
(iv) as directed by the court, including by publication if other means of notification are ineffective.
(B) Notice under this rule shall be served, mailed, delivered, or published at least 20 days before any hearing in this state.
(C) Proof of service outside this state may be made by affidavit of the person who made the service or in the manner prescribed by the law of this state, the order pursuant to which the service is made, or the law of the place in which the service is made. If service is made by mail, proof may be in a receipt signed *770 by the addressee or other evidence of delivery to the addressee.
(D) Personal appearance of any person in a hearing before the court eliminates the requirement for serving process upon that person.
(b) Diligent Search.
(1) Identity or Residence Unknown. If the identity or residence of a parent or legal custodian is unknown, the petitioner or the department shall undertake a diligent search as required by law.
(2) Affidavit of Diligent Search. If the identity or residence of a parent or legal custodian is unknown after the diligent search has been completed, the petitioner or department shall file with the court an affidavit of diligent search executed by the person who made the search and inquiry.
(3) Continuing Duty. After filing an affidavit of diligent search in a dependency proceeding, the petitioner, and, if the court requires, the department, are under a continuing duty to search for and attempt to serve the parent or custodian whose identity or residence is unknown. The petitioner or the department shall report on the results of the continuing search at each court hearing until the person is identified or located or until further search is excused by the court.
(4) Court Inquiry. If the identity or location of a parent is unknown, and a petition for dependency or shelter care is filed, the court shall conduct an inquiry as required by law. The information required by law may be submitted to the court or to the department in the form of a sworn affidavit executed by a person having personal knowledge of the facts.
(5) Effect of Diligent Search.
(A) Failure to serve parents whose identity or residence is unknown shall not affect the validity of an order of adjudication or disposition if the court finds the petitioner has completed a diligent search.
(B) If the court inquiry, diligent search, or continuing search fails to identify any person as a parent or prospective parent, the court shall so find and may proceed without further notice.
(C)If the inquiry, diligent search, or subsequent search identifies any person as a parent or prospective parent, the court shall require notice of the hearing to be provided to that person. That person must then be given an opportunity to become a party to the proceedings by completing a sworn affidavit of parenthood and filing it with the court or the department.
(be) Notice and Service of Pleadings and Papers.
(1) Notice of Arraignment Hearings in Dependency Cases. Notice of the arraignment hearing must be served on all parties with the summons and petition. The document containing the notice to respond or appear in a dependency arraignment hearing must contain, in type at least as large as the balance of the document, the following or substantially similar language: “FAILURE TO RESPOND TO THIS NOTICE OR TO APPEAR AT THIS HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THE CHILD(REN) AS DEPENDENT CHILD(REN) AND ULTIMATELY MAY RESULT IN LOSS OF CUSTODY OF THE CHILD(REN).”
(2) Notice of Hearings to Participants and Parties Whose Identity or Address are Known. All participants and parties whose identity and address are known must be notified of all proceedings and hearings subsequent to the initial hearing, unless the hearing is a proper ex parte hearing. Notice to parents in proceedings involving shelter hearings and hearings resulting from medical emergencies must be that which is most likely to result in actual notice, and, if the parents are outside the state, in the manner prescribed by this rule. It is the duty of the petitioner or moving party to notify all participants and parties known to the petitioner or moving party of all hearings subsequent to the initial hearing unless notice is contained in prior court orders and those orders were provided to the participant or party.
*771 of Pleadings, Orders, and Papers. Unless the court orders otherwise, every pleading, order, and paper filed in the action subsequent- to after the initial petition, every order- every written motion, unless it is one as to which hearing ex-parte is authorized-and every written notice filed in-the ease shall be served on each party or the party’s attorney, the state attorney’s office, and the Department of Health and Rehabilitative — Services), however, — sNothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(24) How — MadeMethod of Service. When service is required or permitted to be made upon a party or participant represented by an attorney, service shall be made upon the attorney unless service upon the party or participant is ordered by the court.
(A) Service is excused if the identity or residence of the party or participant is unknown and a diligent search for that person has been completed in accordance with law.
(B) Service upon the attorney shall be made by delivering a copy to the attorney or by mailing it to the attorney’s last known address or, if-no address-is known, by leaving it wife the clerk of-the court. Service by mad shall be complete upon mailing.
(C) Delivery of a copy within this rule shall mean:
(i) handing it to the attorney;
(ii) leaving it at the attorney’s office with the person in charge thereof; or
(iii) if there is no one in charge of the office, leaving it in a conspicuous place therein.
(D) If the party or participant is not represented by an attorney, service of all pleadings or papers shall be upon the party or participant. Delivery may be made by mail to the party’s or participant’s last known address or by leaving it at them party’s usual place of abode with some person of their family above 15 years of age and informing such person of the contents thereof.
(E)Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall meam
(A)- handing it to the attorney or par-⅛⅞
(B) leaving it at the attorney’s office with-the person in charge thereof;
(C) if there is no one in-charge-of the office, leaving it in-a-conspicuous place therein)-er
(D) if the office is closed or the person to serve has -ne office, leaving it at his or her-usual-place — of abode with some person of the family above-1-5 years of age and informing such-person of the contents thereof.
(45) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them original with the clerk of the court either before service or immediately thereafter, except that tThe court may permit the papers to be filed with it in which event the filing date shall be noted thereon and the papers shall be transmitted to the office of the clerk.
(56) Certificate of Service. When any authorized person shall in substance certify:
“I do certify that (copy) (copies) hereof have been furnished to (here insert names or names) by (delivery) (mail) this.... day of.,19....
Title”
this certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.
Committee Notes
1991 Amendment. — (b)(1) This change requires that the- Department of Health and Rehabilitative Services and the state attorney’s office receive notice-of all pleadings to determine if their-involvement as parties-is required-
1992 Amendment. — (b)(1) The language appears to be unnecessary.
*772 RULE 8.265. MOTION FOR REHEARING
(a) Basis. After the court has entered an order, following an-adjudicatory hearing, a termination of parental-rights hearing, a disposition hearing, or a review-hearing when the court-has-made arfinding that the parents have substantially e-ompliecf-with the performance-agreement, any party may move for rehearing upon one or more of the following grounds:
(1) That the court erred in the decision of any matter of law arising during the hearing.
(2) That a party did not receive a fair and impartial hearing.
(3) That any party required to be present at the hearing was not present.
(4) That there exists new and material evidence, which, if introduced at the hearing would probably have changed the court’s decision and could not with reasonable diligence have been discovered before and produced at the hearing.
(5) That the court is without jurisdiction of the proceeding.
(6) That the judgment is contrary to the law and evidence.
(b) Time and Method.
(1) A motion for rehearing may be made and ruled upon immediately after the court announces its judgment but must be made within 10 days of the entry of the order.
(2) If the motion is made in writing, it shall be served as provided in these rules for service of other pleadings.
(3) A motion for rehearing shall not toll the time for the taking of an appeal.
(c) Court Action.

(1)A rehearing may be granted to all or any of the parties on all or any part of the issues. All orders granting a rehearing shall state the specific issues to be reheard.

(12) If the motion for rehearing is granted the court may vacate or modify the order or any part thereof and allow additional proceedings as it deems just. It may enter a new judgment, and may order
or continue the child in detention pending further proceedings.
(23) The court on its own initiative may vacate or modify any order within the time limitation provided in subdivision (b).
RULE 8.305. DETENTIQNSHELTER PETITION, HEARING, AND ORDER
(a) DetentionShelter Petition. If a child is to be placed in a shelter after being taken into custody for a period longer than 24 hours, the person requesting placement shall file a written petition which shall:
(1) specify the name, address, and sex of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(2) specify that the child is of an age subject to the jurisdiction of the court;
(3) state the reasons why' the child needs to be placed in a shelter;
(4) recommend where the child is to be placed or the agency to be responsible for placement; and
(5) be signed by the petitioner and, if represented by counsel, by the petitioner’s attorney.
(b) DetentionShelter Hearing.
(1) An authorized agent of the department shall make a diligent effort to-notify the parent or custodian of- the-child-of the hearing in the most expeditious method available. The parents or legal custodians of the child shall be given actual notice of the date, time, and location of the emergency shelter hearing. If the parents are outside the jurisdiction of the court, are not known, cannot be located, or refuse or evade service, they shall be given such notice as best ensures their actual knowledge of the date, time, and location of the emergency shelter hearing. If the parents or legal custodians are not present at the hearing, the person providing, or attempting to provide, notice to the parents or legal custodians shall advise the court in person or by sworn affidavit of the attempts made to provide notice and the results of those attempts.
*773 (2) The court shall conduct an informal hearing on the petition within the time limits as provided by law. The court shall determine at the hearing the existence of probable cause to believe the child is dependent and whether the other criteria provided by law for placement in a shelter have been met.
(3) The issue of probable cause shall be determined in a nonadversary manner, applying the standard of proof necessary for an arrest warrant.
(4) At the hearing all interested persons present shall have an opportunity to be heard on the criteria for placement as provided by law.
(5) The court may base its determination on sworn complaint, testimony, or affidavit and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.
(6) The court shall advise the parent or custodian of:
(A) the right to be represented by counsel as provided by law;
(B) the reason for the child being in custody and why continued placement is requested; and
(C) the right to present placement alternatives.
(c) Detentionshelter Order. The order shall-be in writing and shall must identify the parties present at the hearing and contain written findings that:
(-1) state the-name, age, -and-sex of the child and, if the child’s age is unknown, that he or she-is believed to be of an-age subject to the- jurisdiction of the court.-
(2)include findings- that probable cause to believe the child is-dependent exists and that the criteria provided-by law-for continued placement of — the child have been meh — If the court finds-that such-probable cause does not-existr-it shall forthwith-release the- child-from shelter care, — If the court finds that-one-or more of the statutory criteria for placement exists, but is unable to make a-finding on the existence-of probable causey it may retain the child-in shelter care-and continue the hearing for the purpose- of-determining the existence of probable-eause-to a time within 72 hours of the time the child was taken-into-eusto-dy= — The court may, on-a showing of good cause, continue the hearing a-second-time for not more-than 24 hours beyond the 72-hour period. Release of the child based on no probable- cause existing shall nob prohibit the filing of a petition and further-proceedings-thereunder, but shall prohibit the holding-of-the child in shelter- care prior to the adjudicatory hearing.
(3) designate the place where the-child is to be placed or the-person- or-agency that will be responsible for— the — ehikfe placement along with any special -conditions-found4o be necessary.
(4) state the date and time where -is-
(5)-state-whether the child may-be released frona-shelter at the discretion-of the Department of Health -and--Rehabihtatiye Serrices-
(1) placement in shelter care is necessary based on the criteria provided by law;
(2) placement in shelter care is in the best interest of the child(ren);
(3) continuation of the child(ren) in the home is contrary to the welfare of the child(ren) because the home situation presents a substantial and present danger to the children) that cannot be mitigated by the provision of preventive services;
(4) there is probable cause to believe the child(ren) is/are dependent; and
(5) the department has made reasonable efforts to prevent or eliminate the need for removal of the child(ren) from the home.
(d) Release from Shelter Care. No child shall be released from shelter after a deten-tionshelter order has been entered except on order of the court unless the detentionshelter order authorized release by the Department of Health and Rehabilitative Services.
RULE 8.315. ARRAIGNMENTS AND PREHEARING CONFERENCES
(a) Arraignment. Prior to the adjudicatory hearing the court shall conduct a hearing to determine whether an admission, consent, or denial to the petition shall be entered, and *774 whether the parties are represented by counsel or are entitled to appointed counsel as provided by law. If an admission or consent is entered, the court shall proceed as set forth in rule 8.340. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance as provided by law and appoint counsel when required.
(b) Withdrawal of Plea. The court may for good cause, at any time prior to the beginning of a disposition hearing permit an admission of the allegations of the petition or a consent to dependency to be withdrawn and, if an adjudication has been entered thereon, set aside such adjudication. In ftea subsequent adjudicatory hearing the court shall disregard an admission or consent that has been withdrawn.
(c) Prehearing Conference. Prior to any adjudicatory hearing the court may set or the parties may request that a prehearing conference be held to determine the order in which each party may present witnesses or evidence and the order in which cross-examination and argument shall occur. The court may also enter findings on the record of any stipulations entered into by the parties and consider any other matters which may aid in the conduct of the adjudicatory hearing.
(d) Status Hearing. Within 30 days of the fifing of the petition a status hearing shall be held with all parties present unless an adjudicatory hearing has commenced. Subsequent status hearings shall be held every 30 days thereafter unless an adjudicatory hearing has commenced.
Committee Notes
1991 Amendment, (d) This section requires a status hearing every 30 days to ensure prompt resolution of the case while preserving the rights of all parties.
RULE 8.405. UNILATERAL CASE PLANS
(a) Case Plans. Within 30 days after the child has been removed from the home and placed in temporary foster care, the department shall submit a case plan. For good cause shown, the court may grant extensions not to exceed 15 days for each filing of the plan.
(ab) Contents. If the parents, legal guardian, or custodian are unable or unwilling to participate in the preparation of a case plan, the department still must submit a case plan. In the event that such a plan is submitted because the parents will not or cannot participate in the preparation of the plan, the plan or supporting documents shall contain a full explanation of the circumstances preventing the parents from participating and the efforts made by the department to secure parental participation. In the event that the. plan is being submitted due to the inability of the parents and the department to concur in all or any portion of the plan, the plan or supporting documents shall contain an explanation of the nature of the disagreement.
(be) Service. The motion, proposed plan, and notice of hearing shall be-served on the parties and participants-in the -preparation of the plan.Each party must be provided with a copy of the case plan 72 hours before filing of a plan. If the location of a parent is unknown, this must be documented in writing and included in the plan.
(ed) Hearing. The court shall hear all parties present, in person, by counsel, or both. After such hearing, the court shall order the department to submit the unilateral case plan, but may, in its discretion, issue a protective order modifying, deleting, or adding to the requirements included in the unilateral case plan.
Committee Note
1991 Adoption: This new rule provides a procedure for permanent placement plans consistent with law. Sections on service and hearing were taken from old rule 8.800.
RULE 8.410. JUDICIAL REVIEW OF CASE PLANS
(a) Hearing. Upon receipt of the case plan, the court shall set, within 30 days, a hearing to review the contents of the plan. Notice of the review hearing will be served on all parties and/or their counsel. If the location of a parent is unknown, the notice must be directed to the last permanent address of record. If the location of an absent parent becomes known to the department, the department shall inform that parent of the right to a court review at the time the *775 department serves the parent with a copy of the case plan.
(b) Determinations by Court. At the hearing, the court shall determine if:
(1) The plan is consistent with the previous orders of the court placing the child in care.
(2) The plan is consistent with the requirements for the content of a case plan as provided by law.
(3) The parents were advised of their right to have counsel present at all prior hearings and the parents, guardian, or custodian were advised of their right to participate in the preparation of the case plan and to have counsel or any other person assist in the preparation of the case plan.
(4) The case plan is meaningful and designed to address the facts, circumstances, and problems upon which the court based its order of dependency for the child; particularly, if the parents, guardian, or custodian have the ability to perform the tasks assigned to them and that the social service agency can provide the assistance necessary to the parents to reunite the family.
(5) The plan adequately addresses the goals and needs of the child.
(c) Court Action. After the hearing, if the court determines that the requirements for the ease plan have not been met, it shall order the parties to make amendments to the plan. The amended plan must be submitted to the court for another hearing and approval. If the parties do not agree on the final terms, the court shall order those conditions and tasks it believes the parents, guardian, or custodian must accomplish for the return of the child. In addition, the court may order the department to provide those services necessary to assist in the efforts to reunify the family.
(d) Entry of Findings. The court shall enter its findings with respect to the review of the case plan in writing and make specific findings on each element required by law to be included in a ease plan.
(e) Review Hearing. The court will set a hearing to review the performance of the parties to the case plan 6 months from the date of approval.
Committee Note
1991 Adoption: This rule provides for judicial review of performance agreements and permanent placement plans consistent with law. It requires a hearing within 45 days, lists the criteria the court must consider in reviewing the agreement or plan, and provides procedures following the hearing.
RULE 8.510. ADVISORY HEARING AND PREHEARING CONFERENCES
(a) Advisory Hearing.
(1) Within 14 days of- the filing-of the petition,An advisory hearing on the petition to terminate parental rights must be held or as soon as possible after service of process can be effected, the court shall hold an advisory hearing.
(2) The court shallmust:
(A) advise the parents of their right to counsel; and appoint counsel in accordance with legal requirements;
(B) determine whether an admission, consent, or denial to the petition shall be entered?; and
(C) appoint a guardian ad litem if one has not already been appointed.
(3) If a parent served with notice fails to respond or appear at the advisory hearing, the court shall proceed as provided by law.
(4) If an admission or consent is entered, the court shall proceed to disposition as set forth in these rules 8.530. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance until the parentsparties have sufficient time to proceed to an adjudicatory hearing and appoint-counsel when required.
(b) Prehearing Conference. Before the adjudicatory hearing the court may set, or the parties may request, a prehearing conference to determine the order in which each party may present witnesses or evidence, the order in which cross-examination and argument shall occur, and any other matters that may aid in the conduct of the adjudicatory hearing.
(c) Voluntary Terminations. An advisory hearing may not be held if a petition is *776 filed seeking an adjudication to voluntarily terminate parental rights. Adjudicatory hearings for petitions for voluntary termination must be set within 21 days of the filing of the petition. Notice of intent to rely on this subdivision must be filed with the court as required by law.
RULE 8.525. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge without a jury utilizing the rules of evidence in use in civil cases. At this hearing the court shall determine whether the allegations oi — fcheelements required by law for termination of parental rights petition have been sustainedestablished by clear and convincing evidence.
(b) Time of Hearing. The adjudicatory hearing shall be held within 45 days after the advisory hearing, unless all necessary parties stipulate to some other hearing date. Reasonable continuances may be granted for purposes of investigation, discovery, procuring counsel or witnesses, or for other good cause shown.
(be) Examination of Witnesses. A party may call any person, including a child, as a witness. A party shall have the right to examine or cross-examine all witnesses.
(ed) Presence of Parties. All parties have the right to be present at all termination hearings. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law.
(de) Examination of Child. The court may hear the testimony of the child outside the physical presence of the parties as provided by rule 8.255. Counsel for the parties shall be present during all examinations. The court may limit the manner in which counsel examine the child.
(f) Previous Testimony Admissible. To avoid unnecessary duplication of expense, in-court testimony previously given at any properly noticed hearing may be admitted, without regard to the availability of the witnesses, if the recorded testimony itself is made available. Consideration of previous testimony does not preclude the parties from calling the witness to answer supplemental questions.
(eg) Joint and Separate Hearings. When 2 or more children are the subject of a petition for termination of parental rights, the hearings may be held simultaneously when the children are related to each other or involved in the same case, unless the court orders separate hearings.
(fit) Motion for Judgment of Dismissal. In all termination of parental rights proceedings, if at the close of the evidence for the petitioner the parents move for a judgment of dismissal and the court is of the opinion that the evidence is insufficient to sustain the allegations ofgrounds for termination alleged in the petition, it shall enter an order dfe-missing the petition-for insufficiency of the evidencedenying the termination and proceed with dispositional alternatives as provided by law.
(i) Final Judgment.
(1) Terminating Parental Rights. If the court finds after all of the evidence has been presented that the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a final judgment terminating parental rights. The order must contain the findings of fact and conclusions of law upon which the decision was based.
(2) Denying Termination of Parental Rights. If the court finds after all of the evidence has been presented that the grounds for termination of parental rights have not been established by clear and convincing evidence, but that the grounds for dependency have been established by a preponderance of the evidence, the court shall adjudicate or readjudicate the child dependent and proceed with dispositional alternatives as provided by law.
(g§) DismissalDismissing Petition. If the court finds after all of the evidence has been presented that the allegations in the petition have not been sustaineddo not establish grounds for dependency or termination of parental rights, it shall enter an order dismissing the petition.
(h) Order of Adjudication. — If the court finds that the elements of-adjudication are *777 sustained by clear and-eonvincing evidence, the court shall enter an order of adjudication and set a-disposition hearing.
RULE 8.535. POST-DISPOSITION HEARINGS
(a) Initial Hearing. If the court terminates parental rights, a post-disposition hearing must be set within 30 days after the date of disposition. At the hearing, the department or licensed child-placing agency shall provide to the court a plan for permanency for the child.
(b) Subsequent Hearings. Following the initial post-disposition hearing, the court shall hold hearings every 6 months to review progress being made toward permanency for the child until the child is adopted or reaches the age of 18, whichever occurs first. Review hearings for alternative forms of permanent placement shall be held as provided by law.
RULE 8.610. PARTIES
(a) Definitions. For the purposes of these rules the terms “party” and “parties” shall include the petitioner, the child, the parent, the guardian ad litem where appointed, the custodian, and every person upon whom service of summons is required by law.
(b) Other Parties. The state attorney’s office, or the Department of Health and Rehabilitative Services, or the Department of Juvenile Justice may become a party upon notice to all other parties and the court. The court may add additional parties.
RULE 8.617. GUARDIAN AD LITEM
(a) Appointment. At any stage of the proceedings any party may request, or the court may appoint, a guardian ad litem to represent any child alleged to be in need of services or from a family in need of services.
(b) Qualifications; Responsibilities. The guardian ad litem shall be an attorney or other responsible adult and shall have the following responsibilities:
(1)To investigate the allegations of the petition and any subsequent matters arising in the case and, unless excused by the court, to file a written report. This report shall include a statement of the wishes of the child and the recommendations of the guardian ad litem and shall be provided to all parties and the court at least 48 hours before the disposition hearing.
(2) To be present at all court hearings unless excused by the court.
(3) To represent the interest of the child until the jurisdiction of the court over the child terminates or until excused by the court.
(4) To perform such other duties and undertake such other responsibilities as the court may direct.
(e) Bond Not Required. A guardian ad litem shall not be required to post bond but shall file an acceptance of the office.
(d) Receiving Service. A guardian ad li-tem shall be entitled to receive service of pleadings and papers as provided by rule 8.635.
(e) Lay Guardians’ Duties. The duties of lay guardians shall not include the practice of law.
(f) Substitution or Discharge. The court, on its own motion or that of any party, including the child, may substitute or discharge the guardian ad litem for reasonable cause.
RULE 8.625. GENERAL PROVISIONS FOR HEARINGS
(a) Presence of Counsel. The Department of Health and Rehabilitative Services or the Department of Juvenile Justice must be represented by an attorney at every stage of these proceedings when such department is a party.
(b) Presence of Child. The child shall be present unless the child’s presence is waived. If the child is present at the beginning of a hearing and during the progress of the hearing voluntarily absents himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
(c) In-camera Proceedings. The child may be examined by the court outside the presence of other parties under cireum- *778 stances as provided by the law. The court shall assure that the proceedings are recorded unless otherwise stipulated by the parties.
(d) Invoking the Rule. Before the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(e) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
(f) Record. A record of the testimony in all hearings shall be made by an official court reporter, a court-approved stenographer, or a recording device. The records of testimony shall be preserved as required by law. Official records of testimony shall be transcribed only on order of the court.
(g) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
(h) Masters. Pursuant to the Florida Rules of Civil Procedure -1.490, both general and special masters may be appointed to hear issues involved in proceedings under this part.
RULE 8.635. PROCESS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in eases of medical emergency, the time of hearing shall not be less than 24 hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing. This subdivision shall not in any way limit the state attorney’s power to issue subpoenas.
(3)Service. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known, the clerk shall give them notice of the proceedings by mail. Service of process may be waived. Authorized agents of the Department of Health and Rehabilitative Servi-eesJuvenile Justice may also serve summons and other process upon such persons and in such manner as required by law.
(b) Service of Pleadings and Papers.
(1) When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoenas be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(A) handing it to the attorney or the party;
(B) leaving it at the attorney’s office with the person in charge thereof;
(C) if there is no one in charge of the office, leaving it in a conspicuous place therein; or
(D) if the office is- closed or the person to serve has no office, leaving it at the party’s usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof.
*779 (3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of court except that the court may permit the papers to be filed with it in which event the filing date shall be noted thereon and they shall be transmitted to the office of the clerk.
(5)Certificate of Service. When any authorized person shall in substance certify:
“I do certify that (copy) (copies) hereof have been furnished to (here insert name or names) by (delivery) (mail) this.... day of.,19....
Title”
this certificate shall be taken as prima facie proof of such service in compliance with the rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.
[[Image here]]
[[Image here]]
*780 [[Image here]]
RULE 8.940 MOTION TO COMPILE REPORT
[[Image here]]
*781 [[Image here]]
FORM 8.941. ORDER TO COMPILE REPORT
[[Image here]]
*782 [[Image here]]
FORM 8.942. ORDER OF INVOLUNTARY WAIVER
[[Image here]]
*783 [[Image here]]
[[Image here]]
*784 [[Image here]]
*785 [[Image here]]
*786 FINGERPRINTS OF CHILD Fingerprints Taken by: _name and title-DONE AND ORDERED in open court at _(city)_, . County, Florida, on_(date)_ I CERTIFY that the above fingerprints are the fingerprints of the child,_(name)_, and that they were taken and placed in my presence in open court this date. Circuit Judge
FORM 8.950. RESTITUTION ORDER
[[Image here]]
*787 [[Image here]]
RULE 8.951. MOTION FOR JUVENILE SEXUAL OFFENDER PLACEMENT
[[Image here]]
*788 FORM 8.961. SHELTER ORDER
SHELTER ORDER (DEPENDENCY) Name . Address . Date of birth.* Sex. * If unknown, state that child is believed to be of an age subject to court jurisdiction Taken into custody: Date. Time. L DATE OF HEARING; PARTIES PRESENT; LEGAL REPRESENTATION This hearing was held on_(date)_ Present before the court were: HRS agent: . HRS attorney: ... Mother: . Father: . Legal custodian: . Guardian ad litem: Other: . The parent(s)-was/were-represented by counsel as follows: . The parent(s) requested appointment of counsel and counsel was appointed as follows: . The parent(s)-was/were-advised of their right to counsel and . unknowingly, voluntarily, and intelligently waived the right. . the court declined to accept the waiver because. . requested appointment of counsel and the court declined because II. PROBABLE CAUSE . There is probable cause to believe that the child(ren) _is/are_ dependent based on allegations of abuse, abandonment, or neglect in the petition. . A finding of probable cause cannot be made at this time. Evidence of probable cause must be presented to the court within 72 hours from the time the child(ren) -was/were-taken into custody or the child(ren) will be released. III. NEED FOR PLACEMENT ■Placement is necessary to . proteet4he children); or . because-the children)_has/have_no parent, legal custodian, or responsible adult relative to supervise and care for the children). Placement of the children) in shelter care is in the best interest of the children); continuation in the home is contrary to the welfare of the children) because the home situation presents a substantial and immediate danger which cannot be mitigated by the provision of
*789 [[Image here]]
*790 [[Image here]]
*791 FORM 8.964. DEPENDENCY PETITION
[[Image here]]
*792 [[Image here]]
FORM 8.965. ADJUDICATION ORDER — DEPENDENCY
[[Image here]]
*793 [[Image here]]
*794 [[Image here]]
FORM 8.966. DISPOSITION ORDER — DEPENDENCY
[[Image here]]
*795 [[Image here]]
*796 [[Image here]]
*797 [[Image here]]
FORM 8.967. ORDER ON PERFORMANCE — AGREEMENT OR.-PERMANENT PLACEMENT CASE PLAN REVIEW
[[Image here]]
*798 [[Image here]]
FORM 8.968. AFFIDAVIT OF DILIGENT SEARCH
[[Image here]]
*799 [[Image here]]
FORM 8.969. AFFIDAVIT OF MOTHER REGARDING UNKNOWN FATHER AFFIDAVIT OF MOTHER REGARDING UNKNOWN FATHER
STATE OF FLORIDA COUNTY OF. BEFORE ME, the undersigned authority, personally appeared_(name)- Affiant, who first being duly sworn, deposes and says the following regarding the identity and location of the unknown parent of the minor child: L I am the mother of_(child)_ 2. I_was/was not_married at the probable time of conception of the child or at the time of birth of the child. 3. I_was/was not_cohabiting with a male at the probable time of conception of the child.
*800 [[Image here]]
FORM 8.982. ADJUDICATION ORDER
[[Image here]]
*801 [[Image here]]